FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ALICIA M.,

    Plaintiff,

v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:19-CV-0249-JTR

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney David L. Lybbert represents Alicia M. (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in June 2016, alleging disability since March 2, 2016, due to vertebra fractures (several body traumas spine); migraines; nine

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 1

shattered vertebra, three compressed; back pain; eight broken ribs; punctured liver; punctured lung; chronic pain in joints; anxiety attacks; depression; hernias, five hernia repairs; and traumatic brain trauma. Tr. 337, 339, 365. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Kimberly Boyce held a hearing on December 5, 2017, Tr. 47-86, and issued an unfavorable decision on June 18, 2018, Tr. 24-41. The Appeals Council denied Plaintiff's request for review on May 22, 2019. Tr. 1-6. The ALJ's June 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 18, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on December 5, 1979, Tr. 53, and was 36 years old on the alleged onset date, March 2, 2016. She completed two years of college, earning an associate degree in 2015. Tr. 53-54, 366. Plaintiff testified at the administrative hearing on December 5, 2017, that she worked part-time watching her nieces and nephews while attending community college between 2013 and 2015. Tr. 54-55, 62-63. Plaintiff's disability report indicates she also has past work as a compliance clerk, a massage therapist, an office manager, and a personal assistant. Tr. 367. Plaintiff's disability report indicates she stopped working in 2011 because of her conditions. Tr. 366.

Plaintiff testified at the administrative hearing that her physical problems were caused by car accidents. Tr. 64. She suffered fractured vertebras and ribs and incurred multiple hernias. Tr. 64. She stated, as a result, she has limited range of motion in her neck and experiences severe headaches two to three times a week. Tr. 65. She indicated she also has muscle spasms in her back and stomach. Tr. 67. Plaintiff reported she had been prescribed several different narcotic medications for her pain throughout the years and, at the time of the hearing, took pain pills five times a day. Tr. 59-60, 67.

Plaintiff stated she was only able to walk about a block and a half before needing to sit or lie down, stand in one place for five minutes before needing to sit or lie down, sit for 15 to 30 minutes before needing to switch positions, and carry no more weight than a gallon of milk. Tr. 68-69, 74. She indicated her physical symptoms prevented her from doing any household chores about three times a week. Tr. 76.

With respect to her mental health, Plaintiff testified she has experienced depression and anxiety since her 2011 automobile accidents. Tr. 70. She indicated she had flashbacks of the accidents and resultant difficulty with sleep at night, as well as problems with focus and concentration. Tr. 70-71, 75. She reported taking anti-anxiety medication three times a day. Tr. 71.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v.*

*Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 18, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 2, 2016, the alleged onset date.  Tr. 27.

At step two, the ALJ determined Plaintiff had the following severe impairments:  traumatic brain injury (TBI), an affective disorder, an anxiety disorder, a personality disorder, and degenerative disc disease.  Tr. 28.

///

///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 4

1  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 28.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she could stand and/or walk for about four hours and sit for about six hours in an eight-hour workday with normal breaks; she could never climb ladders, ropes or scaffolds, work at unprotect heights or in proximity to hazards, such as heavy machinery and dangerous moving parts; she could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; she could perform work in which concentrated exposure to extreme cold, heat or vibration was not present; in order to meet ordinary and reasonable employer expectations, she could understand, remember and carry out unskilled, routine and repetitive work that could be learned by demonstration, and in which tasks to be performed were predetermined by the employer; she could cope with occasional work setting change and occasional interaction with supervisors; she could work in proximity to coworkers, but not in a team or cooperative effort; and she could perform work that did not require interaction with the general public as an essential element of the job, but occasional incidental contact was not precluded. Tr. 30.

At step four, the ALJ found Plaintiff was not able to perform any of her past relevant work. Tr. 39-40.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of production assembler, electronics worker, and mail clerk. Tr. 40-41.

///

///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 5

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 2, 2016, the alleged onset date, through the date of the ALJ's decision, June 18, 2018. Tr. 40.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues on review: (1) Did the ALJ err in improperly rejecting the opinions of Plaintiff's treating and examining providers; (2) Did the ALJ err in improperly rejecting Plaintiff's subjective complaints; (3) Did the ALJ err in failing to meet her burden at step five, to identify specific jobs, available in significant numbers, which Plaintiff could perform in light of her specific functional limitations; and (4) Did the ALJ err in failing to consider Chronic Pain and Fibromyalgia as severe conditions and factor them into the overall determination of limitations? ECF No. 13 at 9-10.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. Plaintiff specifically asserts the ALJ erred by rejecting the opinions of treating doctor Randel Bunch, M.D., and examining medical professional Thomas Genthe, Ph.D., and instead relying on the opinions of nonexamining state agency medical consultants. ECF No. 13 at 11-15.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is

given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

On July 22, 2017, state agency physician Guillermo Rubio, M.D. reviewed the record and opined that Plaintiff could perform light exertion level work (occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds) and stand and/or walk and sit (with normal breaks) about six hours in an eight hour workday with some postural and environmental restrictions. Tr. 188-189. Also on July 22, 2016, reviewer John D. Gilbert, Ph.D., found Plaintiff was capable of understanding and remembering simple one to three step repetitive tasks, would have interruptions in concentration, persistence and pace at times due to subjective perception of pain and psychological symptoms, and would retain the ability to carry out routine labor within customary tolerances during a normal workday and workweek. Tr. 190. He determined Plaintiff was able to interact with the public on an occasional/superficial basis and that interactions with supervisors and coworkers could occur on a more frequent basis. Tr. 191.

Nonexamining state agency consultant Howard Platter, M.D., opined on November 25, 2016, that Plaintiff could perform light exertion level work

(occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds) and stand and/or walk for four hours and sit (with normal breaks) about six hours in an eight hour workday with some postural and environmental restrictions.  Tr. 219-221.  On November 21, 2016, reviewer Jerry Gardner, Ph.D., determined Plaintiff was capable of understanding and remembering simple one to three step instructions without difficulty as well as some more detailed tasks and capable of persisting at routine simple tasks in at least two-hour intervals.  Tr. 221-222.  He opined Plaintiff's concentration, persistence and pace were intermittently limited by pain and psychological symptoms, but not so as to preclude productive activity in a competitive employment environment.  Tr. 222.  He limited Plaintiff to occasional interaction with the public, coworkers and supervisors and indicated she would work best in a stable, low pressure setting.  Tr. 223.

A few months prior to the alleged onset date (March 2, 2016), in contrast to the opinions of the above nonexamining medical professionals, examining medical professional J. Brooke Sjostrom, M.S., LMHC, opined that Plaintiff had several marked and moderate limitations with respect to her ability to perform basic work activities.  Tr. 495-499.  In addition, on November 16, 2015, Randel S. Bunch, M.D., Plaintiff's treating physician, completed a physical functional evaluation form and found that as a result of Plaintiff's back pain, joint pain, neck pain and abdominal pain, she was restricted to sedentary level work (lifting 10 pounds maximum).  Tr. 503-504.

After the alleged onset date, on May 17, 2016, Thomas Genthe, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff.  Tr. 564-572.  Plaintiff reported her highest education level as attaining her GED and indicated she last worked in 2012 as a personal assistant for an insurance company.  Tr. 565.  Dr. Genthe diagnosed major depressive disorder, unspecified; other specified anxiety disorder; and other specified personality disorder (with borderline features), Tr. 566, and checked boxes indicating Plaintiff was markedly impaired

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

in her abilities to maintain appropriate behavior in a work setting and complete a normal work day and work week without interruptions from psychologically based symptoms, Tr. 567.  Dr. Genthe completed another psychological/psychiatric evaluation of Plaintiff on October 3, 2017.  Tr. 737-745.  Plaintiff again reported her highest education level as attaining her GED and that she last worked in 2012 as a personal assistant for an insurance company.  Tr. 738.  Dr. Genthe diagnosed borderline intellectual functioning; major depressive disorder, unspecified; post-traumatic stress disorder; and other specified personality disorder (with borderline features), Tr. 739, and checked boxes indicating Plaintiff had several moderate and marked limitations with her basic work activities, Tr. 739-740.  Dr. Genthe opined Plaintiff was unlikely to function adequately in a work setting until her psychological symptoms had been managed more effectively.  Tr. 740.

      The ALJ noted at the administrative hearing that when Plaintiff was seen by Dr. Genthe, she did not mention she had obtained an AA, only that she had a GED, nor did she inform the doctor that she had worked as a caretaker for her siblings' children for three years (2013-2015), only that she last worked in 2012 as a personal assistant for an insurance agency.  Tr. 56-57.  Plaintiff was not able to explain why she omitted this information, other than to state that her anxiety "gets the best of me" causing her to not recall things.  Tr. 57.

      On November 22, 2017, Dr. Bunch completed a Physical Medical Source Statement form for Plaintiff.  Tr. 826-829.  He indicated, in an eight-hour workday, Plaintiff could sit for three to four hours, stand for one to two hours, walk for one to two hours, and lift and carry 11 to 20 pounds seldomly and up to 10 pounds occasionally.  Tr. 826-827.  Dr. Bunch noted several postural and environmental limitations.  Tr. 827-828.  On the form, he circled he "agreed" Plaintiff would need more than the scheduled breaks of 10 minutes or more throughout the day, would likely miss work or leave early at least two to three days per month due to flare-ups of symptoms, was unlikely to tolerate production level work, was likely to

experience marked problems with focus and concentration for extended periods, and would need to elevate one or both legs. Tr. 828.

In reaching her RFC determination, the ALJ accorded "little weight" to treating physician Bunch, examining doctor Genthe and Ms. Sjostrom, and instead accorded controlling weight to the nonexamining state agency reviewers. Tr. 32-39.

While the report of Ms. Sjostrom and one of the reports of Dr. Bunch predate the alleged onset date in this case, *see Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (finding medical opinions that predate the alleged onset of disability are of limited relevance), their opinions, coupled with the post-onset date conclusions of examining physician Genthe and treating physician Bunch, indicate Plaintiff's functioning is limited to a greater extent than as expressed by the nonexamining medical professionals. And, as noted above, the opinion of nonexamining physicians cannot alone justify the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 830. The ALJ did not cite any other medical source opinion evidence, other than the above nonexamining medical professionals, in support of her conclusions with respect to Plaintiff's level of functioning.

The ALJ stated that the opinions of Dr. Bunch, Dr. Genthe and Ms. Sjostrom were accorded "little weight" because Plaintiff's physical exams during the period at issue were generally normal and mental health treatment notes during the period at issue were generally normal and did not support marked mental limitations. Tr. 35-39. Although the ALJ specifically mentions Plaintiff's muscle tone and strength were normal and there were no neurological deficits, Tr. 35, and that various mental health findings on exam were "normal," Tr. 37, 39, the Court finds the ALJ failed to describe how particular record evidence specifically contradicted the opinions of Dr. Bunch, Dr. Genthe and Ms. Sjostrom. *See Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a

way that allows for meaningful review); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

Based on the foregoing, the ALJ's rationale for discounting the reports of Dr. Bunch, Dr. Genthe and Ms. Sjostrom is not properly supported, and the opinions of the nonexamining medical professionals cannot alone justify the rejection of the opinions of the treating and examining medical professionals. The Court thus finds the ALJ erred by failing to provide cogent, specific and legitimate reasons, supported by substantial evidence, for rejecting their opinions. A remand is required for reconsideration of the reports of Dr. Bunch, Ms. Sjostrom[1] and Dr. Genthe and for further development of the record.

**B.    New Evidence**

Plaintiff's motion requests that the Court also take into consideration another psychological/psychiatric evaluation completed by Dr. Genthe on October 20, 2018, after the administrative proceedings and while the matter was pending review at the Appeals Council. ECF No. 13 at 9; Tr. 12-20.

The Appeals Council considered the new evidence and made it a part of the administrative record at Tr. 12-20. *See Harman v. Apfel*, 211 F.3d 1172, 1179-1180 (9th Cir. 2000) (stating that where claimant submitted additional materials to

---

[1] The Court notes Ms. Sjostrom's report, Tr. 495-499, and Dr. Bunch's November 2015 physical functional evaluation form, Tr. 503-504, predate the relevant time period in this action and are thus of limited relevance. *Fair*, 885 F.2d at 600. On remand, the ALJ shall be instructed to review these medical reports and accord them appropriate weight to the extent they are found to address Plaintiff's condition during the relevant period at issue in this matter.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

the Appeals Council in requesting review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review"); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-1452 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, we considered both the ALJ's decision and the additional materials submitted to the Appeals Council).

Because this matter is being remanded for additional proceedings to remedy the ALJ's errors as to the medical opinion evidence of record, *see supra*, on remand, the ALJ shall consider Dr. Genthe's October 20, 2018, report, Tr. 12-20, as it relates to the period on or before the date of the ALJ's decision.

### C. Plaintiff's Subjective Complaints

Plaintiff contends the ALJ also erred by improperly rejecting her subjective complaints. ECF No. 13 at 15-17. The Court agrees.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's

statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 32.

The ALJ determined that "the objective findings in this case fail to provide support for the claimant's allegations of disabling symptoms and limitations." Tr. 32. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991). In assessing a Plaintiff's testimony, an ALJ may consider whether the alleged symptoms are consistent with the medical evidence; however, an ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006).

Here, the ALJ summarized the record evidence pertaining to Plaintiff's physical and mental impairments, Tr. 32-34, but failed to articulate what specific allegation of Plaintiff was undermined by the treatment notes, evaluations and reports.

The Ninth Circuit has determined that an ALJ errs "by making only a single general statement that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC determination], without identifying sufficiently specific reasons for rejecting the testimony, supported by evidence in the case record." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quotation marks and citation omitted); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (holding "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony"). In *Brown-Hunter*, the ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her

RFC determination," which "is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully . . . [to] ensure that the claimant's testimony was not arbitrarily discredited." *Brown-Hunter*, 806 F.3d at 494. The Ninth Circuit concluded "[b]ecause the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error." *Id*. (citation omitted).

Like the ALJ in *Brown-Hunter*, ALJ Boyce failed to identify how the summarized medical evidence specifically conflicted with Plaintiff's reported symptoms. The ALJ only generally stated that Plaintiff's allegations of disabling symptoms and limitations were not consistent with the objective findings of record. This is not a valid, clear and convincing reason to discount subjective complaints.

The ALJ's only other asserted reason for rejecting Plaintiff's testimony is that Plaintiff's described daily activities were inconsistent with her complaints of disabling symptoms and limitations. Tr. 32. Although it is well-established that the nature of daily activities may be considered when evaluating a plaintiff's subjective symptoms, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), the ALJ only generally mentions Plaintiff activities of daily living, Tr. 31-32. The ALJ did not articulate in what way Plaintiff's daily activities conflicted with her testimony. This factor for discounting Plaintiff's symptom reports is also unsupported.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. However, based on the foregoing, the Court concludes that the rationale provided by the ALJ for

discounting Plaintiff's testimony is inadequate. Therefore, Plaintiff's subjective symptoms must be reassessed on remand. On remand, the ALJ shall reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

### D. Severe Impairments

Plaintiff also contends the ALJ erred at step two of the sequential evaluation process by failing to consider all of Plaintiff's severe impairments. ECF No. 13 at 18-19. Plaintiff specifically asserts the ALJ failed to find Plaintiff's fibromyalgia and/or chronic pain was a severe impairment. *Id*.

Plaintiff has the burden of proving that she has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities.

The Court notes Plaintiff's disability report fails to mention fibromyalgia as an issue causing her alleged disability. *See* Tr. 365. Moreover, Plaintiff did not raise fibromyalgia as restricting her functionality at the time of the administrative hearing. Nevertheless, Plaintiff's treating physician Bunch mentions fibromyalgia in his assessment and treatment of Plaintiff. *See* Tr. 595, 828.

Given the ALJ's erroneous determinations regarding the medical opinion evidence of record and Plaintiff's subjective complaints and the resultant necessity of a remand to remedy these defects, on remand the ALJ shall additionally reexamine the severity of Plaintiff's conditions at step two of the sequential evaluation process and specifically address the impact of Plaintiff's fibromyalgia and/or chronic pain, if any.

///

### E.     Step Five

Plaintiff contends that the ALJ erred at step five of the sequential evaluation process.  ECF No. 13 at 17-18.  Plaintiff argues the ALJ's RFC and hypothetical to the vocational expert failed to account for all of her limitations as assessed by Drs. Bunch and Genthe.  *Id*.

As determined above, the ALJ erred by providing inadequate reasoning for according little weight to the opinions of Drs. Bunch and Genthe and insufficient rationale for finding Plaintiff lacked credibility.  *See supra*.  The ALJ's RFC determination is thus not supported by substantial record evidence.

Plaintiff's RFC is an administrative finding, dispositive of the case, which is reserved to the Commissioner, and, by delegation of authority, to the ALJ.  SSR 96-5p.  It is the responsibility of the ALJ, not this Court, to make a RFC determination.  Accordingly, Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.  If warranted, the ALJ shall also obtain supplemental testimony from a vocational expert with respect to the new RFC determination.

### CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits.  ECF No. 13 at 19-20.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reconsider Plaintiff's physical and psychological limitations.  The ALJ shall reassess the opinions of Dr. Bunch, Dr. Genthe and Ms.

Sjostrom, including Dr. Genthe's October 2018 report, Tr. 12-20, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo consultative physical and psychological examinations to assist the ALJ in assessing Plaintiff's functioning during the relevant time period. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED August 31, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE